No. 3149.—SUCCESSION OF P. P. PRUDHOMME—Opposition of CITIZENS' BANK, et als.

An administrator who has admitted the correctness of debts against the succession he represents, will not afterward, on the trial of opposition to the tableaux he has filed, be permitted to allege or show, either in his individual capacity or as the representative of the succession, that the debts which he has admitted, are incorrect. Therefore his answer to oppositions filed by the creditors, in which he asks an amendment of the tableaux on the ground that claims which he has admitted to be correct, are incorrect, should not be permitted to be filed in the record.

All successions must be opened and settled in the parish courts. Therefore, if an account and tableaux, made out and filed by the administrator in the parish court, be opposed by the creditors, such oppositions can only be disposed of by the parish court, irrespective of the amount involved.

APPEAL from Parish Court, parish of Nathitoches. *H. C. Myers*, Parish Judge. *Pierson & Levy*, for appellees. *Chaplin, Morse & Chaplin*, for opponents and appellants.

LUDELING, C. J. An account of the administration of the succession of Pierre Phanor Prudhomme having been advertised, several oppositions thereto were filed by creditors whose claims had been acknowledged by the administrator. These opponents represent that J. A. Prudhomme, Harriet Prudhomme and P. E. Prudhomme are severally placed on the tableau as privileged creditors for large sums, whereas, in fact, they are not creditors, but debtors of the succession; and they further oppose the plea of prescription against the claims of said J. A., Harriet, and P. E. Prudhomme, and pray that their claims be stricken from the tableau, and that the tableau be amended, etc. These oppositions were answered by the parties whose claims were opposed, and also by the administrator, who denied the correctness of of opponents' claims, notwithstanding his previous acknowledgments.

The administrator, in his individual capacity as a creditor and in his fiduciary character, then filed a plea to the jurisdiction of the parish court on the ground that the matter in dispute exceeded five hundred dollars.

Having acknowledged the claims of opponents and placed them on his tableau as just debts against the succession, the administrator will not be heard in a court of justice to allege his own malfeasance or to contradict his judicial admissions, when his interests suggest such conduct. His answer to the opposition for amendment of the tableau, with the view to deprive the parish court of jurisdiction, was improperly permitted to be filed. The contest is between the creditors who alone are interested in the funds to be distributed. As between themselves the controversy, relating to the validity of their respective claims or the rank of their debts, does not concern the succession or its representative, the administrator, who is a mere stakeholder, and the succession is not a party to the contest in the sense of article eighty-seven of the Constitution. The Constitution requires all successions to be " opened and settled in the parish courts." To settle a succession, the debts must be known, and the authorization of the court must be obtained to pay them by the administrator. If the funds be insufficient to pay all the debts, the privileged debts must be paid, and a *pro rata* distribution among the ordinary debts be made with the sanction of the court. For that purpose a tableau of distribution is filed. Any contest among the creditors on the tableau, relative to their claims, must necessarily be decided by the parish court incidently to a settlement of the succession. 22 An., Paul O. Hebert, tutor, *v.* Winn et al.; 22 An., p. 517, Hart, tutrix *v.* Hoss & Elder; 22 An. 101, succession of Bingay; 21 An. 480, Swan *v.* Gayle.

It is therefore ordered and adjudged that the judgment of the parish court be avoided and reversed. And it is further ordered that the case be remanded to the parish court, to be proceeded with according to law, and that the appellees pay the costs of this appeal